May it please the court, counsel, I'm Lana Mineta on behalf of the appellant Chris Kuehner. 18 U.S.C. 2252A was intended to create a new crime. Conspiracies already existed. And so the interpretation of the in concert with element of the statute, specifically the subsection G of the statute, is really pivotal in determining the scope and the application of the statute. The statute requires that the defendant engage in a series of felony violations constituting three or more offenses committed in concert with three or more other persons. And the question at hand is whether this element should or can be satisfied by aggregating the predicate acts or by proving, as we argue, that each predicate act must be committed in concert with at least three others. The Fourth Circuit has not published any binding precedent on the interpretation of the in concert element of 2252AG. And this absence provides this court an opportunity to interpret the statute in a way that more effectively captures the essence of coordinated criminal enterprises, which is what the statute was aimed to go after. As I pointed out in my brief, the use of violations and incidents and offenses, all within this subsection, all of those three words are used to refer to the predicate acts. And in using each of those three words, but then to specifically say, Congress to specifically say that the defendant committed those offenses in concert, rather than the series of felony violations in concert, really renders the reading of our sister circuits incorrect. It results, this reading of the Third and the Sixth Circuit, results in an overbroad application of a purposefully narrow statute, which imposes a 20-year mandatory minimum. And that is an important consideration here. It really emphasizes the difference, the difference that is supposed to be there between this enterprise and a regular conspiracy. So counsel, as I understand what you're saying, your argument about the text is that since it says those offenses, as opposed to repeating that series, that indicates to you it's not referring to the series? That's correct. And the court's question regarding the supplemental briefing actually highlights this, I think. When the court asked us to submit supplemental briefs on the question of the count of the victims, you know, when we look at the statute, there's really two separate clauses. As part of a series of felony violations constituting three or more separate incidents and involving more than one victim is one clause. And committing those offenses in concert with three or more other persons is another clause. And so I think the government and the defense are in agreement that the victim count applies to the series. Where we disagree is whether the second clause is a separate clause. And I submit that. So you do think, you agree that the victim part applies to the series? I do. I do. And again, I think that that distinction between those two... Ms. Medina? Yes. Yes, I'm looking at you there. I should be looking at you here. You've been delivering one of those. Thank you. So you mentioned that our court has yet to render a ruling on this question and that other circuits have. Has any of the circuits found interpreting the statute the way you're suggesting we should? They have not. But I would submit that there is some implication within the Sixth Circuit's decision in Daniels that there should be a narrower reading. And the Third Circuit's as well, and if I may address that. Because even if, as the Third Circuit found in the L. Batutti case, that the phrase committed in concert with three other persons qualifies the series instead of those offenses, this would suggest that there should be some commonality amongst those three other people. Some commonality, some overlap would still be necessary there, or else there'd be no enterprise. It would simply be a defendant committing three separate conspiracies, potentially. And this is similar to Johnson, which is our case, interpreting the continuing criminal enterprise. That was a drug case, a drug conspiracy. But it was not fluid. The membership, when we looked at the three predicate offenses, this was a set group of individuals. There were two leaders and they had a number of dealers working underneath them. But there was not really fluidity amongst the three other persons or the leadership when we looked at the three predicate offenses. And I would suggest that this need for some commonality is also implicit in the Sixth Circuit's decision in Daniels, which narrowed the mens rea over the individuals. This was a prostitution conspiracy that had a number of individuals. The leader was assisted by his mother, by his brother, by one of the prostitutes. They all had sort of set tasks, but the Sixth Circuit nevertheless interpreted their mens rea so narrowly so as not to find an exploitation enterprise. And so I think that even the courts that have, I think, wrongly associated that phrase to the series still suggest that there should be a really narrow interpretation. Because if we're going to allow broad consideration of the count of other persons, then we still have to look at each individual offense and determine whether the mens rea was applicable for all the participants in each individual offense. Counsel, I want to make sure. I'm right here. I know it's confusing, but I'm trying to make sure I understand what this most recent argument is. Because it sounds like you're talking about the Sixth Circuit case, which I think as a matter of statutory interpretation rules contrary to the way you say. And I think you're talking about our Johnson case, which although it involves a different statute, arguably interprets that statute different than your argument here. And it sounds like what you're saying is in the application of that statute, which you contend to be wrong, there's been a rigorous application of the mens rea. But that may be true, but that's a separate issue, isn't it? It is a separate issue. But the implication when, especially in the Sixth Circuit case, the implication of the court saying we can do this in the aggregate, we can count the other persons in the aggregate, but then nevertheless looking at each individual predicate act and determining whether the mens rea was there for these other individuals, it suggests that in fact the analysis really does have to be done on an individual basis of each of the predicate acts. I thought that just sounds to me like your sufficiency argument, that, you know, we got to show that they were acting in concert, or there's got to be evidence of that. And the only way you do it is look at the facts of the incidents. But anyway, I'm not. Undoubtedly, there is. I mean, there's certainly overlap between my sufficiency argument and this argument, Your Honor. But I think that the key is that the interpretation that these other circuits have applied to the in concert phrasing really dilutes the statutory requirement and the statutory intent, the intent of this statute to go after enterprises. It's meant to target organized and collaborative criminal behavior, coordinated criminal behavior. And if we read it to allow an aggregate, we don't have coordinated criminal behavior. We could, under that reading, have three predicate acts, only one of which is committed with other people, and the other two committed alone, and it would still somehow satisfy the enterprise. And that really doesn't make any sense. Not only would those acts be punishable under other statutes, some of which also have hefty mandatory minimums, but I mean, just sort of common sense would tell us that that can't be what an enterprise looks like, where you have one defendant committing three acts and perhaps only one of them with three other persons. There's simply no way. And it simply makes more sense that there be some, at least commonality, to create really a business organization, as it were, that is dealing in the exploitation of children. You know, I think... Was the statute used in any of the words that you're talking about? Enterprise, business, as I read it, there's no coordination requirement in the statute. Well, I respectfully disagree. I respectfully read it as requiring a coordinated effort, because that's what an enterprise is. That's what a criminal enterprise is. That is the difference between an individual criminal act or even a tacit or conspiracy. An enterprise is something more, or else it's a meaningless term. And we know from all our precedents that that's certainly not the case. There are specific statutes that go after enterprises, which the key difference is that we have a coordinated effort to commit a number of enumerated offenses. That's what we and I suggest that's what is intended here. It's not simply meant to go after three distinct conspiracies that have one common actor. And the reading that the Sixth and the Third and all of the sister circuits, frankly, suggest and have found, that's what it can lead to. And that type of overbroad application is what happened here to Mr. Keener. His activity was largely individual activity. And not even getting to the sufficiency argument, it's necessary really to aggregate in order to find him guilty. But I think that it's somewhat telling that the trial court asked if conspiracy is a lesser included offense of this statute. One of the courts, I believe it was a district court that did find that it was. Frankly, the government and I agreed that it's not. Specifically because this is a different crime. But it is somewhat telling that the trial court who tried this at a bench trial asked that question because what really was proved at most were individual distinct conspiracies all involving Nechris, the user Nechris, which for the sake of argument we'll call the appellant here. And so that's, I think that's the the danger of this interpretation of the statute. That someone who may be guilty of conspiracies but not guilty of running or being a part of a criminal enterprise is still going to be sucked into this as Mr. Keener has been. And I would argue some of the defendants in those other circuits were. Now, unless the court has any further questions on that, I wanted to address the Brady issue. The district court did deny our motion to vacate, which of course this court would normally review as an abuse of discretion. But in finding that there was a Brady violation, the district court also found that it wasn't material. Our argument is applying the wrong standard to that question. Found that although there was a violation, it was not material. My argument is that when you make that determination, you're saying there wasn't a Brady violation. Materiality is an element of a Brady violation. And so I'm asking this court to review that determination, including the materiality de novo as part and parcel of the finding on Brady. And note that the district court applied the wrong question in determining materiality. And instead of whether the district court would have ruled differently, whether there would be a reasonable probability if disclosed and used effectively, the result would have been different. The district court looked at the bench trial in hindsight and really only asked, would I have ruled differently? But the defense's entire approach to the case may have been different had the results of this administrative subpoena been timely disclosed, including whether or not we would have opted for a bench trial or a jury trial. Because quite frankly, this issue that is illustrated by the return of this Google subpoena was the focus of the defense. And instead of it being a sort of, and I'll use the district court's word, implausible theory of impersonation, this is solid evidence of interference with the Negris account that in our estimation undermines the confidence of the outcome and is troubling enough to constitute an extreme case. I don't know what happened, but it is an unbelievable coincidence that the one thing that was missing and was not disclosed until it was asked for after trial is something that speaks directly to the issue of third party interference with that user account. And so I understand the government's argument that if the court agrees there was a violation that normally there would be a remand, but I would submit that this is an extreme enough situation where there should be a dismissal with prejudice. This wasn't simply a late disclosure. It would not have been given to us at all had I not asked after trial. And now, both of these arguments really do overlap with my sufficiency argument. We're talking about at the end of the day the actions of an individual sitting behind, sitting in front of his computer and chatting. Even in the comments, the running group chat, you know, this is not constituting an enterprise. It's akin to sort of standing in a room and saying something out loud and not really knowing or caring whether anybody else hears you except that one individual with whom you cannot conspire, with whom you cannot be in an enterprise, and that would be the young victim who ultimately produces the image. And so notwithstanding the impersonation argument, the proof of a true enterprise when you have this sort of individualized activity we submit simply wasn't there. And turning to the impersonation defense, the focus... Counselor, is your light not working? I'm sorry? Your light's not working. Oh. I'm sorry. I didn't realize I... Did I go over? Yeah. I'm sorry. I didn't realize I had gone over. Four minutes and you didn't ask for permission to go over. I apologize. No, no. But you were going slowly as if you had more time. That's why I stopped you. But go ahead and finish it. But I want to ask just one quick question. I think you did. I want to make sure. Are you conceding as to the victim, more than one victim, you think that that's accomplished? It doesn't have to be more than one for each incident that you said? I think that's a reasonable interpretation, yes. That the victim count is part of the clause of a series. So the victim count applies to the series. So you're saying that it could be the same one person the same time, each time, the same one person? I'm saying that there could be only two victims of the entire series of offenses. Right. Okay. Right. So it could be one one time, one second time, but then it would have to be two the third time? No. It could be... Well, it has to be more than two victims. So there could be one victim of each of three predicate offenses. That's what I'm saying. So... Right. But my argument... I'm trying to understand your position. I want you to re-argue it. Just tell me whether or not you concede that it could be just one person each time. Yes. Okay. Thank you. May it please the court, counsel for the appellant, good morning, your honors. Seth Slesinger on behalf of the United States. And if there are no initial questions, I thought that I'd begin by addressing the point that was principally addressed in an opposing counsel's argument, which was the interpretation of subsection G2's requirement that a person commit those certain enumerated felony violations in concert with three or more other persons, and specifically whether the three or more other persons can be tallied across the entire series or have to be involved with each individual predicate felony violation. And this court has been very, very clear when it comes to interpretation. That that interpretation begins with the text of the statute. And that when the text of the statute is clear, that clear text controls the interpretation. And here the statute is crystal clear because section G2 says that the offenses, a person who commits those offenses in concert with three or more other persons and meets the other elements of the statute has committed the offense defined by the statute. If Congress had wanted to draft a statute that created or defined child exploitation enterprises as only those in which at least four different individuals were involved in each individual underlying act of child exploitation, Congress could easily have done so. They could have simply drafted a statute that read and commits each offense in concert with three or more other persons. But Congress did not do that. Their statute... That's fair. And that supports your argument. They also could have said the series of offenses rather than those offenses. You know, your colleague has an alternative way it could have been more clear. What's your response to that? Well, you're certainly right, Your Honor. There's no I mean, the grammatical reality is there's no limit to the different formulations that could linguistically have created. I would suggest in direct response to Your Honor's question that those offenses is equivalent to the series of felony violations. It's perfectly natural grammatically when talking about a series of items to then refer to those items, meaning the series of items. It's the collection in this case, the sort of plural collection of items being a series of items. And so I think in context, those offenses means... First of all, those offenses refers to what? The series of... No, no, no. What are the offenses? It's a chart, right? One of the enumerated ones, right? Exactly. 110, 117, right? Correct, Your Honor. Yes. Right. So it's those offenses those offenses in concert with. That would mean all of those offenses or whichever one it is would have to be in concert with three or more persons. That's a fair and clear reading of the statute. It is, Your Honor. All of them together, the series, the series of felony... It doesn't say that. It says those offenses, those offenses, those ones that are previously mentioned, which you say it is, those offenses are done so in concert with three or more persons. So each is implicit in that because it says those offenses. I respectfully disagree, Your Honor. I think... You disagree, but why is that not a fair reading of it? Because those offenses is a reference to the immediately preceding clause in the statute, which is a series of felony... No, it's not. Those offenses directly relate to the ones that are enumerated. Those offenses are the ones listed. That's what gets you in. It has to be committing those offenses and it's very clear. Congress laid out which ones they're talking about and we know here which ones they are. It doesn't relate to anything but that. Those offenses in concert with three or more persons. Your Honor is certainly correct. Those offenses must be to qualify. They have to be... And they have to be committed in concert with three or more persons. Correct, Your Honor. But that's right. But then each time you violate it, it has to be in concert with three or more persons. Why is that not a clear and fair reading of the statute? I think the most straightforward reason it's not, Your Honor, is that those offenses, which is a reference to another portion of the statute, is a reference to the... A portion of the statute? No, it's a They are enumerated. Wait a minute, let's get something. Do you agree that statutes are enumerated here? Yes. Do you agree that those offenses are the statutes that are enumerated here? Yes. And do you agree that it says in concert, they're done in concert with three or more persons? I do see that, Your Honor, yes. Then how is that not a fair, straightforward reading of the statute? That's what I want to get to. I'm not trying... It sounds like I'm arguing with you, but I'm not, but I'm just trying to get... Answer my question. How do you say that's not a fair reading? Now, I know you're saying you don't want it to be read that way. I appreciate that. You're a good counsel. You represent your client. But, you know, text has to, you know, the people who are textualists, they always talk about, you know, what Congress meant. It was what they said, right? It said it. It said it has to be... Those offenses have to be done with three or more persons. Yeah, I'm very sorry to respectfully differ with you, Your Honor. Yeah, you've done... Okay, well, I'll leave you alone because you really have no real legal retort to what I'm saying. You just say you disagree. I think the most important legal retort is that the word each does not appear. So, it doesn't have to. I mean, everybody has word choices. I mean, it's called word economy. You know, lawyers write that way. Active voice, word economy, strong verbs, and all that kind of thing. You don't have to put all that extraneous thing because you look and see what's enumerated, and those are the offenses they're talking about, and how should they be done in concert with three or more persons. Again, Your Honor... But you can move on, though, if that's all you have to say about it. Well, in addition, Your Honor, to the points that I've attempted to make about the straightforward, what we believe is the straightforward and clear text of the statute, if the court were to hold differently or to hold in accord with the appellant's position in this, it would be in very substantial tension with this court's own decision in the Johnson case interpreting the continuing criminal enterprise statute, which is not exactly the same, but it's very, very similar, and the statute structurally is quite similar, even though it focuses on narcotics trafficking organizations as opposed to child exploitation organizations. And critically, it also has an in concert with requirement, and with respect to Section 848, the CCE statute this court held in Johnson, actually citing an even earlier case decided by this court, that the government need not prove that the five individuals, which is the requirement for 848, that the government need not prove that the five individuals were supervised and acted in concert at the same time, or even that they were collectively engaged in at least one specific offense. So the court was quite clear with respect to Section 848 in Johnson, which, while it has some different components with respect to the in concert with requirement, is virtually identically situated with Section 2252AG, that there's no requirement. And there, having established that there's a relationship among those people, each person doesn't have to be present. That's a different case, isn't it? That's a different statutory interpretation. These people who have established to be, in terms of Johnson, who are involved, no, each person doesn't have to be involved, but every time they violate it, that's different here. It's not talking about that. It's saying committing those offenses. I mean, it's different. I mean, apples and oranges. We have to look at different statutes, different ways. Well, it's, there are different statutes, but I think in the critical respects, they are very similar to the point of being almost identical. The Section 848 refers to a continuing series of violations which are undertaken by such person in concert with, whereas Child Exploitation Enterprise Statute refers to a series of felony violations and commits those offenses in concert with. So there are slight variations in the language. Which are undertaken. Right. Which are undertaken, which means that in terms of actual involvement, they're undertaken in concert with the drug trafficking. It's a drug trafficking case, right, statute, isn't it? It is. And I don't think that... This is not. This is not drug trafficking. I understand. That's your best argument that we can clear up this by that statute alone. That's right? That's your position? I mean, if it is, it's fine. Right. Is that our best argument? No, no, I'm not saying your best. Is that an argument at all? It certainly is. Okay. It is. Yes. So I think our argument is, the first part of the argument is, I think, the clear text of the statute. The second is, this court has a controlling precedent directly on point with respect to a statute that in the critical respect is fundamentally identical in the critical respect to the statute that's being considered here today. And the third point that the government would allude to is something that came up a bit in my colleague's section of the argument, which is the decisions of the other courts of appeals that have confronted this very issue. And the other courts of appeals, there's three of them that have considered it. They're unanimous that the number of other persons with whom that person acts in concert can be tallied across the entire series of felony violation. The Third Circuit, the Sixth Circuit, and the Ninth Circuits all agree, as my colleague acknowledged in response to Judge Bruner, there are no courts of appeals that come out the other way on this. None of which are controlling to this court. None of which are controlling. That's certainly correct, Your Honor. These are all decisions of other courts of appeals. And so this decision to the contrary by this court, of course, would create a circuit split. And I don't think there's any basis for doing that, particularly in view of the other considerations I've outlined related to the clarity of the text and this court's precedent on Section 848. I would also invite the court to just consider how cramped of reading it would be. It should be a cramped reading. You know why? Because it's a statute that requires a 20-year mandatory sentence. And it used to be something called a rule of lenity that used to exist. But I still remember, and I think it has, that statutes and criminals, especially one with a mandatory sentence, should have these ambiguities, if there are any questions, in order to the benefit of the accused. Is that right? Is that what the doctrine of, right, lenity, right? That is the rule of lenity. And so you're talking about this is a cramped reading. A cramped reading, that's what our founders wanted, a cramped reading in a sense, because to take away life and liberty is an important aspect of it. That's why all the rights and Sixth Amendment rights, for example, don't you think it's interesting that there's no rights in the Bill of Rights for the government? They're all to the defendant. It's not, you know, of course, but you know why? Because they knew the government would take their rights. You don't need anybody to say you have a right to bring witnesses and to subpoena people and all those things, because they know the government would grab it. So the founders were smart. They said, no, we need to protect the people. And in a sense that you say, well, we're cramped here. It's supposed to be cramped. It's supposed to be difficult to put a person in prison for a mandatory 20 years, no matter what the substance of the crime, alleged crime is. So when you talk about it's a cramp, I mean, it is cramped. It's cramped constitutionally so by the founders. People who want to be originalists, they're originalists when it helps, but not originalists in a sense when in terms of protecting the people who the Constitution intended to protect in the Bill of Rights. But go ahead and continue your argument. But I just had to respond to that when you said it was cramping. It's cramping. Go ahead. I certainly have no quibble with any points you raised, Judge McRae. And perhaps I shouldn't have used that word. I think it would be inconsistent with Congress's manifest purpose in enacting this child exploitation enterprise statute to insist that no organization will qualify as a child exploitation enterprise, no matter how many victims are involved, no matter how many perpetrators are involved, no matter how closely they act in concert, no matter how heinous the conduct is, unless there are at least four of them collectively engaged in the same time. We can't.  I mean, your colleague talked about purpose. Now you're talking about purpose. I mean, the best way we understand purpose is based on what is written in the statute. But I think, I mean, you're welcome to make whatever arguments you get, but I have a hard time figuring out what purposes are behind things besides what's written down. You're quite right, Your Honor. And there's a reason I led with the clear text of the statute and saved this for the last. So I'll leave it with that. And I'll certainly, if there are no other questions on this issue from the court, I'll certainly leave the court with that on the issue of the in concert with requirement. With respect to the Brady claim that was briefly raised by the opposing counsel, as the court is, of course, well aware, to prevail on a Brady claim, the defense must prove that evidence was favorable to him, either because it was exculpatory or impeaching, in this case, the claim exculpatory, and also material to the defense. In other words, prejudice must have ensued from, in this case, what both sides have acknowledged was an inadvertent failure to disclose two subpoena returns. And this court's held that exculpatory in this context means that the evidence, quote, may make the difference between conviction and acquittal, had it been, quote, disclosed and used effectively. And material means, this court has said, quote, likely to have changed the verdict. And in this case- It should have been produced, correct? There's no question. And the government acknowledged that in district court. The government, in fact, the government, as soon as it was alerted to the oversight, promptly disclosed it to the defense counsel, acknowledged as much in the district court, and certainly happy to reiterate that acknowledgement here in this court. It was inadvertent oversight. It should not have happened. It should have been produced. But it's known beyond any doubt, in this case, that the failure to turn it over prior to the trial did not affect the verdict. And we know that because this was a bench trial. The prior effect was the court. And all of this information was presented to the court. The court held a full hearing on all of this. And the counsel said that perhaps this would influence their decision, whether or not they want a bench trial or jury trial. How do you respond to that? I don't think appellants made that claim. Certainly not in any before the district court, not in any brief before this court. There's never been any suggestion. Even if an appellant had made that suggestion, I don't think that plays any part in the prejudice analysis whatsoever. It would play a part. Something could affect a defendant's counsel's strategic decisions. It doesn't necessarily perhaps meet the materiality or prejudice standard. But it seems to me, I get your arguments not made, but were it made, I'm not saying it could be relevant to that. Again, they still have to make the rest of the prejudice requirement. But to say it doesn't play a role might be a bit much. Well, I think it would be entirely, again, even had this claim been made at any time in any court, which it has not been, I don't think that, I think it's speculative to sort of imagine that you know, a jury as opposed to a court would come out, would be more receptive or less to a certain type of defense based on, you know, one or two additional pieces of evidence. And certainly too speculative, I think, to factor into a prejudice analysis where the court has to consider, you know, what would have happened had the material been disclosed. In this case, with this bench trial, we know with certainty what would have happened because the district court considered the information and rendered a finding on the record. The district court said, quote, I am satisfied that this evidence is not material. It would not, in my view, have made a difference at 521 of the joint appendix. So again, it's not like maybe a slightly more common version of the situation where it's a jury trial and the court's got to examine the evidence and then sort of, in examining the evidence, draw some conclusions about whether it could have affected a jury's verdict or not. Here we know with empirical certainty that it would not have made a difference because the district court considered it and told us that it would not have made a difference. In effect, the district court's considering it was sort of tantamount to kind of a continuation of the trial because it was a bench trial beforehand and it was the court that heard the evidence afterwards and reaffirmed its verdict. Now, to be sure, even if we were in that position, similar if it had been a jury trial and the court had to examine the evidence itself that was the subject of this claim, even then the appellant would surely fall well short of being able to establish that it was prejudicial and that's for a variety of reasons. I think most directly being the fact that the Google subscriber return at issue, the MC3996250 email account, was only created on October 6th, 2020. And that is subsequent to Mr. Keener's commission of not quite all but almost all of the predicate acts that are underlying his conviction for engaging in a child exploitation enterprise. Counselor, you only have a minute left and I want to get to something related to sufficiency. So do you mind if I redirect you a little bit? I understand your arguments on sufficiency and it's not really so much about those as it is what in concert means in this context. Imagine a user of this website who just gets on it and doesn't comment but is a regular user to everything that's been talked about here. Would that person be acting in concert? Well, I'll acknowledge first, I think that would be a much closer case than the one we have here. If the person did not comment and also did not undertake or commit any of these enumerated underlying offenses, then... That's what I'm asking, is being on the website and is that doing any, is that making one in concert? Recognizing that's a very different case, I would say no. I don't think just registering an account on the website without more, in part... I'm not saying register, I'm saying actively using and participating but not commenting with others. And I see I'm over my time, Your Honor, if I may respond to that. If the person is actively participating, including by committing the enumerated felony violations as a part of the website, I do think, and has committed at least the three and the other elements are met, notwithstanding the lack of commenting, I do think that person could potentially have liability under the statute, although, factually speaking, if there are no comments of the type that Mr. Keener made, admittedly, it would be more difficult, I think, to prove that that person acted in concert with others as opposed to on their own, notwithstanding that it's on the website. I think it would be a factually more difficult case for the government to prove because whatever in concert with means, the government would have to prove, presumably, something about this person's intent or state of mind and without the words of that person explicating that, it would be more challenging to prove that, even though I do think, legally, that would be possible. Here, we've got either, you know, records replete with evidence and so I don't think it's an issue raised in this case. Thank you, Your Honor. If there are no further questions from the members of the panel. Can I have, I just have one follow-up question, Judge Arnold, also. I just want to clarify your interpretation. Your saying is of the three offenses, two could be committed alone and the third with three people and that would satisfy the requirement in concert. Is that your interpretation? Not quite, Your Honor, because all three offenses together have to be committed in concert with. So, in other words, I think if a person commits one predicate act on, let's say, a website like this one with three or more other persons, but then separately on a different website or a different internet service, let's say, receives child pornography on two other occasions. I don't think that is going to meet the definitions of this statute. That's not going to qualify because the three offenses were not done in concert, notwithstanding that the one had three or more. You have these other two out there that have no connection. They were not done in concert with other persons. Whereas... I think, so the in concert with language doesn't just modify the number of persons that have to be involved with, they also predicate act that would be in concert with one another? The, right, yes, Your Honor. The entire series considered collectively of felony violations has to be committed in concert with three or more other persons. So, I don't think it's a simple matter of just having like three columns and then tallying how many people, persons are involved and how you count those up. It's collectively the entire series of felony violations taken together. And if there's only one... Yes, yes, Your Honor. The offense can be committed by one person, but the offense still has to be committed in concert with... Each offense must be in, each offense must be in concert with, but all together, it's the series of felony violations that requires the three or more other persons. All right. Thank you, Your Honor. I'll simply ask the court to affirm the appellant's conviction. Thank you, Ms. Schlesinger. Ms. Menita, we're going to give you some time. No, no, no, no. The Fourth Circuit, we don't do that. I'm sorry. We're going to give you your reserve. It was red. I don't know. It's just been a long time since I've been here. I knew it was red. My questions were rhetorical. Go ahead. So we talked a little bit about, and my colleague talked about it too, about Congress's intent. And I agree that the best way and the primary way that we determine that is to read the statute. And I'm not necessarily arguing it's unclear. I think it's clear. I think my interpretation is the right one. But even if it were unclear, and I do argue in my brief that if it is unclear, then the rule of lenity should apply. But I do think it's important that we look at the intent because we do have a congressional record that we can look at. And within that record, it says that, again, we're creating a new crime outlawing child exploitation enterprises, imprisoning for a mandatory minimum sentence of 20 years, those who act in concert to commit at least three separate violations. And so the requirement of proving an agreement with three or more other persons for each predicate act aligns not only with the mens rea standard for conspiracy charges, but it necessitates the higher burden of proof that this statute is supposed to require. It ensures that only those who actively participate in a coordinated effort to commit multiple felonies are held accountable under this enterprise statute. And 848, I would argue, is different. The language is different, and the type of enterprise it goes after is different. But I don't think we need to split the hairs that the government would like us to split. And unless there are any additional questions, that's all that I have. Thank you, Ms. Mineta. Thank you to the panel. Before you leave the podium, I note that you're a court opponent. I am. On behalf of the Fourth Circuit, I want to thank you for taking these cases. It's very important to our court, and we appreciate it very much. I love to do it, so I thank you, Your Honor. Ms. Schlesinger, we note your able representation of the United States. We'll come down to Greek Council and proceed to our final case for the term.
judges: Roger L. Gregory, A. Marvin Quattlebaum Jr., Nicole G. Berner